# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

In re:    WILLIE DEAN INGRAM, XXX-XX-5488                                    Chapter 13
                                                                              Case No.: 19-70071-FJS

   Debtor

## ORDER CONFIRMING MODIFIED PLAN

   The Debtor's plan filed on January 22, 2019, as modified by a "modification" filed on March 19, 2019, having been transmitted to his/her creditors; and it having been determined after notice and a hearing that:

   (1)  the plan complies with the provisions of this chapter and with other applicable provisions of this title;

   (2)  any fee, charge, or amount required under 28 U.S.C. Chapter 13 or by the plan, to be paid before confirmation, has been paid;

   (3)  the plan has been proposed in good faith and not by any means forbidden by law;

   (4)  the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less the amount that would be paid on such claim if the estate of the debtor is liquidated under 11 U.S.C. Chapter 7 on such date;

   (5)  with respect to each allowed secured claim provided for by the plan --

      (A)  the holder of such claim has accepted the plan;
      (B)  (i)   the plan provides that the holder of such claim retain the lien securing such claim; and
      (B)  (ii)  the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
      (C)  the debtor surrenders the property securing such claim to such holder, and

   (6) the debtor will be able to make all payments under the plan and to comply with the plan;

## It is ORDERED that:

   1.  The Debtor's plan as modified be and it is hereby confirmed, and any Order Allowing Claims heretofore entered in this case is hereby amended to include any claims added or supplemented by this plan.
   2.  **On, February 07, 2019 and each month thereafter until further order,  DEBTOR SHALL PAY via TFS**

**$225.00 FOR 2 MONTHS STARTING FEB 2019, THEN $350.00 FOR 58 MONTHS STARTING APR 2019.**

MAIL PAYMENTS ONLY TO:

Michael P. Cotter
Chapter 13 Trustee
PO Box 30
Memphis, TN  38101-0030

**TOTAL FUNDING $20,750.00.**

**It is further ORDERED that:**

All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion or dismissal shall be disbursed to the Debtor.

All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal or conversion shall be refunded to the Debtor within 30 days of receipt. Such refunds shall be mailed to the Debtor at their address of record.

Subsequent to entry of any order of dismissal or conversion, the Debtor shall not physically visit or appear at the Chapter 13 Trustee's office for any reason, without being accompanied by their attorney of record. This provision of this Order shall survive any subsequent order and the Court retains jurisdiction to enforce the terms of this provision of this Order.

All property of the estate revests in the Debtor. Notwithstanding such revesting, the Debtor shall not, without obtaining prior Court approval, incur debt (whether secured or unsecured) exceeding the cumulative total of $5,000.00 in principal; or transfer, sell, acquire, encumber, refinance, or enter into a loan modification for real or personal property. A motion seeking approval of such transaction shall (i) provide proper notice to the Chapter 13 Trustee and all other appropriate parties and (ii) include a complete disclosure of the terms of the proposed transaction.

The holder of each secured claim provided for in paragraphs 4A or 4D of the plan shall retain the lien securing such claim until the earlier of i) the payment of the underlying debt determined under nonbankruptcy law or ii) discharge under section 1328 or iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

BY THE COURT

Dated: May 11 2019

/s/ Frank J. Santoro
Judge

* Include all names used by debtor within last 6 years.

Entered on Docket: May 13, 2019

Michael P. Cotter
Chapter 13 Standing Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA  23320

DEBTOR SHALL PAY via TFS

WILLIE DEAN INGRAM
5120 WALKERS GRANT LANE
VIRGINIA BEACH, VA 23455

KURT F. EASTON
LIBERTY LAW GROUP
505 S. INDEPENDENCE BLVD.
SUITE 107VIRGINIA BEACH, VA 23452